United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ALBINO MARTINEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 1:26-cv-06378 (EJD)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Felix Albino Martinez was arrested by ICE in December 2025 following release from state custody after completing a criminal sentence. Dkt. No. 1 at 12. He filed this petition arguing that his current detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged. *See id*. at 14–21. For the following reasons, the Petition is DENIED without prejudice.

## I. BACKGROUND

Petitioner is a native of Mexico who was granted legal permanent resident status in 2017. *Id*. at 11. Between 2022 and 2024, Petitioner was convicted of violating Nev. Rev. Stat. § 205.760 (fraudulent use of a credit card), Nev. Rev. Stat. § 205.273 (possession of a stolen vehicle), and Nev. Rev. Stat. § 205.228(a) (grand larceny of a motor vehicle). Dkt. No. 1-3 at 2–6; 25–26. He was sentenced to 12 to 36 months in state confinement for the fraudulent use of a credit card and possession of a stolen vehicle convictions, and 19 to 48 months for the grand larceny conviction. *Id*. Petitioner was transferred immediately from state to ICE custody in December 2025 following the completion of his criminal sentence. Dkt. No. 1 at 12. On the day of his transfer, he was served a Notice to Appear charging him with being subject to removal under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of crimes involving moral turpitude, including fraudulent use of a credit

card and grand larceny. Dkt. No. 7-1 at 1–6. The Notice to Appear was amended to add additional charges under 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (a)(2)(A)(iii) in February 2026. *Id*. at 5–6.

Petitioner has been detained under 8 U.S.C. § 1226(c)(1) for ten months without a bond hearing. During that period his removal proceedings have progressed. He contested the charges of removability and, after the Immigration Court sustained the charges, applied for withholding of removal and protection under the Convention Against Torture. Dkt. No. 1 at 12. He requested a continuance to prepare this application. *Id*. at 19. According to the EOIR Automated Case Information, Petitioner was ordered removed in October 2026, and has until November 2, 2026 to appeal the removal order.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

There is no dispute that Petitioner is detained under 8 U.S.C. § 1226(c), which requires the Government to detain noncitizens who are in removal proceedings and convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General shall take into custody any alien who … is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]"). Instead, Petitioner alleges that his ten

months of detention without a bond hearing violates his Fifth Amendment right to due process. *See* Dkt. No. 1 at 14–20.

The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c)(1). However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, district courts have routinely found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c)(1) violates due process, entitling the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7. Petitioner has not made a showing as to these factors.

Though Petitioner's ten months of detention is lengthy, and there is a possibility that it will continue if he pursues an appeal of his removal order, it has not yet exceeded the length of his

criminal sentence. *See* Dkt. No. 1-3 at 5–6 (sentencing Petitioner to 19 to 48 months in state custody). Additionally, he has not presented any evidence demonstrating that the reason for the delay in his removal proceedings was caused by the Government. Rather, his removal proceedings appear to have progressed in due course, with the immigration court entering an order of removal in October 2026. The fact that there is already a removal order in place further suggests that the removal proceedings will ultimately result in a final order of removal. Finally, Petitioner has not submitted any evidence regarding the conditions of his confinements. On this record, Petitioner's constitutional claim fails.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition is denied without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 27, 2026



EDWARD J. DAVILA
United States District Judge